IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MCDONALD,

    Plaintiff,

v.

NORCOR, an intergovernmental entity; LAURA PRYOR; LARRY LINDHORST; MATTHEW TUIA; DEWAYNE WOODY; EDSON BUCHANAN; THE CITY OF THE DALLES, and JOSHUA RICHARDSON, and RICK GRAVES,

    Defendants.

Civ. No. 09-416-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiff filed suit under 42 U.S.C. § 1983 alleging violation of his constitutional rights and common law claims of assault and battery, negligence and intentional infliction of emotional distress. Defendants move to bifurcate plaintiff's claims against defendants Tuia, Woody, Buchanan, and Richardson pursuant to Fed. R. Civ. P. 42(b). Defendants motion is denied.

1   - OPINION AND ORDER

Rule 42(b) authorizes separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation under Rule 42(b) is not mandatory, and district court judges have considerable discretion to separate cases. See id.; see also Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) ("Rule 42(b) merely *allows*, but does not require, a trial court to bifurcate cases in furtherance of convenience or to avoid prejudice.") (quotation marks omitted); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (Rule 42(b) "confers broad discretion upon the district court").

Defendants' motion apparently is based on their presumption that during trial the court will admit extensive evidence of misconduct at NORCOR unrelated to the above-named defendants or to the underlying facts of plaintiff's claims. See Def.'s Mem. in Supp., pp. 3, 5-7. Such evidence, defendants contend, is irrelevant to plaintiff's threshold claim of excessive force and will unfairly prejudice defendants and confuse the jury. Aside from the fact that defendants' presumption is likely incorrect, the evidence sought to be admitted at trial is not before the court at this time to allow a determination of relevance, unfair prejudice, or confusion. Trial dates and a deadline for trial documents, including motions in limine, are not currently scheduled in this case. Until the court rules on motions in limine regarding the admissibility of certain evidence, defendants' motion is premature.

2   - OPINION AND ORDER

Accordingly, defendants have not shown that bifurcation of certain claims promotes convenience and efficiency, or is necessary to avoid prejudice or confusion.

## CONCLUSION

Defendants' motion to bifurcate (doc. 46) is DENIED with leave to renew.

IT IS SO ORDERED.

Dated this 26 day of October, 2010.

*Ann Aiken*
Ann Aiken
United States District Judge

3    - OPINION AND ORDER